**In re Herb BALLAN, Debtor.**

**Bankruptcy No. 885–50057–20.**

United States Bankruptcy Court, E.D. New York.

Oct. 3, 1985.

---

Hession, Halpern, Bekoff & Sawyer, Mineola, N.Y., for debtor.

John Sinon, Williston Park, N.Y., for Lilco.

Ronald Lipshie, Baldwin, N.Y., Trustee.

## DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be heard upon the motion of debtor to reopen his bankruptcy case to make an application for a permanent stay against the Long Island Lighting Company (LILCO), from taking action on a pre-bankruptcy debt. Although debtor's obligation to LILCO was properly discharged in bankruptcy, debtor has shown no cause to reopen this case. Accordingly, debtor's motion to reopen is denied.

## FACTS

On December 18, 1984, debtor filed a chapter 7 petition in bankruptcy and on June 4, 1985, the court approved debtor's amended petition which listed LILCO as an unsecured creditor in the amount of $1,800.00. No objection was made to discharge, and on July 9, 1985, the court granted debtor a discharge. On July 24, 1985, the case was closed. Debtor now states that LILCO insists that the debt was not discharged and that LILCO has threatened to discontinue service. No testimony was taken nor was any evidence offered to prove that LILCO has threatened to shut off service. LILCO states that it has found evidence of meter tampering, and therefore the debt should not be dischargeable.

## DISCUSSION

11 U.S.C. § 523(c) provides that objections to discharge based on false pretenses, fraudulent inducement, embezzlement, larceny, or willful malicious injury are deemed waived unless made within specified time periods. In this case, the court ordered that the time to object to discharge expired on June 4, 1985. Therefore, debtor's obligation to LILCO was properly discharged because LILCO waited too long to make their objection to discharge.

11 U.S.C. § 350 states that a case may be reopened to accord relief to a debtor or for other cause. Despite the fact that debtor has suffered no injury above and beyond alleged threats by LILCO to terminate power, counsel would have us reopen this case to instruct LILCO on the law of discharge in bankruptcy. If LILCO had questions about the dischargeablity of its debt, this decision should answer them. If LILCO nonetheless proceeds to terminate debtor's power, counsel for the debtor is no doubt aware that discharge in bankruptcy is a defense to non-payment of a debt, even in state court.

Accordingly, the court finds that the debtor has shown no good reason to reopen this case and the motion is denied.

SO ORDERED.